IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SNS LAKELAND REALTY INC.
AND SNS LAKELAND INC.,

    Plaintiffs,                         CASE NO.: _____

vs.

WESTERN WORLD
INSURANCE COMPANY,

    Defendant.
_____/

## NOTICE OF REMOVAL

Defendant, WESTERN WORLD INSURANCE COMPANY (hereinafter "WWIC"), by and through its undersigned counsel and pursuant to 28 U.S.C. § 1441(a), removes an action pending in the Circuit Court of the Tenth Judicial Circuit in and for Polk County, Florida, styled *SNS Lakeland Realty Inc. and SNS Lakeland Inc., vs. Western World Insurance Company*, Case No. 2020CA000615000000, where Plaintiffs filed suit against WWIC, and further states:

## TIMELY NOTICE OF REMOVAL

1. On February 18, 2020, Plaintiff, SNS Lakeland Realty, Inc. filed a Complaint against WWIC in the Tenth Judicial Circuit in and for Polk County, Florida. On February 25, 2020, WWIC was served with a Summons and copy of the Complaint in connection with the state action. Subsequently, on May 9, 2020, Plaintiff, SNS Lakeland Realty, Inc. filed its Amended Complaint against WWIC, thereby joining Plaintiff, SNS Lakeland, Inc. as an additional Plaintiff (hereinafter the "Plaintiffs").

2. Plaintiffs' Amended Complaint asserts that WWIC breached an insurance

contract issued to Plaintiffs, thereby attaching and referencing an estimate of damages for repairs to Plaintiffs' property totaling $178,416.26, exclusive of interest, attorneys' fees, and costs.[1]

3. Therefore, pursuant to 28 U.S.C. § 1446(b), WWIC timely files this Notice of Removal within one year of the filing of the Complaint and within thirty (30) days of WWIC's receipt through service of a pleading or other paper in which WWIC could ascertain that the case is one which is removable. Specifically, on May 9, 2020, Plaintiff, SNS Lakeland Realty, Inc. filed its Amended Complaint against WWIC, thereby joining Plaintiff, SNS Lakeland, Inc. as an additional Plaintiff.

## VENUE

4. Venue is proper in the United States District Court for the Middle District of Florida because the state court action originated in Polk County, Florida.

## JURISDICTION

5. This Court has jurisdiction. The state court action is a civil action which falls under this Court's original jurisdiction, pursuant to 28 U.S.C. § 1332(a), because the parties are completely diverse and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Accordingly, WWIC is entitled to remove this action pursuant to 28 U.S.C. § 1441.

## COMPLETE DIVERSITY *NOW* EXISTS

6. A corporation is a citizen of every state by which it has been incorporated and of the state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183 (2010) ("The phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and

---

[1] *See* **Exhibit "1"** – Plaintiffs' Amended Complaint ¶¶ 10-15 *(Plaintiffs' Amended Complaint and all State Court Pleadings have been collectively attached hereto as Exhibit "1.")*, along with **Exhibit "B"** attached thereto.

coordinate the corporation's actions i.e. its 'nerve center' ").

7. Here, WWIC is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of New Hampshire, with its principal place of business in Parsippany, New Jersey. Accordingly, WWIC is a citizen of New Hampshire and New Jersey for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

8. Plaintiff, SNS Lakeland Realty, Inc. is, and was at the time the Complaint was filed in Florida state court, a corporation organized under the laws of the State of Florida, with its principal place of business in Lakeland, Florida.[2] Moreover, Plaintiff, SNS Lakeland, Inc. is, and was at the time the Amended Complaint was filed in Florida state court, a corporation organized under the laws of the State of Florida, with its principal place of business in Lakeland, Florida.[3] Accordingly, Plaintiffs are citizens of Florida for purposes of determining diversity under 28 U.S.C. § 1332(a)(1).

## THE AMOUNT IN CONTROVERSY EXCEEDS $75,000.00

9. WWIC bears the burden of establishing the jurisdictional amount by a preponderance of the evidence. *See Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1209-11 (11th Cir. 2007). Here, as previously stated, Plaintiffs' Amended Complaint asserts that WWIC breached an insurance contract issued to Plaintiffs, thereby attaching and referencing an estimate of damages for repairs to Plaintiffs' property totaling $178,416.26, exclusive of interest, attorneys' fees, and costs.[4]

---

[2] *See* **Exhibit "2"** – Florida Department of State, Division of Corporations supporting documentation for SNS Lakeland Realty, Inc. collectively attached hereto.

[3] *See* **Exhibit "3"** – Florida Department of State, Division of Corporations supporting documentation for SNS Lakeland, Inc. collectively attached hereto.

[4] *See* **Exhibit "1"** – Plaintiffs' Amended Complaint ¶¶ 10-15, along with **Exhibit "B"** attached thereto.

10.     Accordingly, the amount in controversy between Plaintiffs and WWIC for damages related to the insurance contract exceeds the $75,000.00 amount in controversy requirement for diversity jurisdiction. The total amount in controversy related to the purported loss is $154,516.26.[5]

## COMPLIANCE WITH 28 U.S.C. § 1446

11.     Pursuant to 28 U.S.C. § 1446(d), WWIC provided written notice of the filing of the Notice of Removal, along with copies of this Notice of Removal and all attachments, to all adverse parties and to the Tenth Circuit Polk County Clerk of Court. Furthermore, as required by 28 U.S.C. § 1446(a), true and legible copies of all process, pleadings, orders, and other papers or exhibits of every kind filed with the state court are being filed with this Notice of Removal.[6]

**WHEREFORE**, WWIC requests that this Court exercise jurisdiction over this matter.

BUTLER WEIHMULLER KATZ CRAIG LLP

/s/ Maxwell H. Stape, Esq.
**MAXWELL H. STAPE, ESQ.**
Florida Bar No.: 1007734
mstape@butler.legal
**TROY J. SEIBERT, ESQ.**
Florida Bar No.: 0084668
tseibert@butler.legal
Secondary:    msmalls@butler.legal
              cmanganiello@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
*Attorneys for Defendant,*
*Western World Insurance Company*

---

[5] Here, the amount in controversy is the difference between the $178,416.26 amount Plaintiffs seek within its repair estimate of damages, less the applicable policy deductible in the amount of $23,900.00.

[6] *See* **Exhibit "1" --** State Court Pleadings, collectively attached hereto.

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

>Farrell, Patel, Jomarron & Lopez PLLC
>Mario E. Lopez, Esq.
>Hermis D. Bofill, Esql.
>Keyondra Parrish, Esq.
>4300 Biscayne Boulevard, Suite 305
>Miami, FL  33137-3255
>eservice@justice360.com; mlopez@justice360.com
>*Attorneys for Plaintiffs*

by CM/ECF on May 19, 2020.

>/s/ Maxwell H. Stape, Esq.
>**MAXWELL H. STAPE, ESQ.**